UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ X

UNITED STATES OF AMERICA,                    :

    - v. -                                   :

                     :    **SEALED INDICTMENT**

MIGUEL HOBAN,
  a/k/a "Mike,"                              # 14 CRIM 408
MATTHEW GOMEZ,
PAUL LOPEZ,                                   :    14 Cr.
  a/k/a "Paulie,"
CARLOS MODESTO,                               :
  a/k/a "Carlito,"
JESUS CRUZ,                                   :
  a/k/a "Flaco,"
  a/k/a "Chi Chi,"                           :
JENNIFER RIVERA,
  a/k/a "Jennifer Lall," and                 :
GLADYS RAMOS,
  a/k/a "Gi Gi,"                             :

              Defendants.    :

------------------------------------ X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6-19-14

## COUNT ONE

The Grand Jury charges:

1.    From at least in or about 2013 up to and including in
or about June 2014, in the Southern District of New York and elsewhere,
MIGUEL HOBAN, a/k/a "Mike," MATTHEW GOMEZ, PAUL LOPEZ, a/k/a "Paulie,"
CARLOS MODESTO, a/k/a "Carlito," JESUS CRUZ, a/k/a "Flaco," a/k/a "Chi
Chi," JENNIFER RIVERA, a/k/a "Jennifer Lall," and GLADYS RAMOS, a/k/a
"Gi Gi," the defendants, and others known and unknown, intentionally
and knowingly did combine, conspire, confederate, and agree together
and with each other to violate the narcotics laws of the United States.

JUDGE CAPRONI

2.    It was a part and an object of the conspiracy that MIGUEL HOBAN, a/k/a "Mike," MATTHEW GOMEZ, PAUL LOPEZ, a/k/a "Paulie," CARLOS MODESTO, a/k/a "Carlito," JESUS CRUZ, a/k/a "Flaco," a/k/a "Chi Chi," JENNIFER RIVERA, a/k/a "Jennifer Lall," and GLADYS RAMOS, a/k/a "Gi Gi," the defendants, would and did distribute and possess with the intent to distribute, controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

3.    The controlled substances that MIGUEL HOBAN, a/k/a "Mike," MATTHEW GOMEZ, PAUL LOPEZ, a/k/a "Paulie," CARLOS MODESTO, a/k/a "Carlito," JESUS CRUZ, a/k/a "Flaco," a/k/a "Chi Chi," JENNIFER RIVERA, a/k/a "Jennifer Lall," and GLADYS RAMOS, a/k/a "Gi Gi," the defendants, conspired to distribute and possess with the intent to manufacture and distribute were: (i) 280 grams and more of mixtures and substances containing a detectable amount of cocaine base, in a form commonly known as "crack," in violation of Title 21, United States Code, Section 841(b)(1)(A); and (ii) 500 grams and more of mixtures and substances containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(B).

## Overt Acts

4.     In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.     On or about September 26, 2013, MIGUEL HOBAN, a/k/a "Mike," PAUL LOPEZ, a/k/a "Paulie," and JENNIFER RIVERA, a/k/a "Jennifer Lall," the defendants, sold approximately 30 grams of cocaine and 20 grams of "crack" cocaine, which had been processed by GLADYS RAMOS, a/k/a "Gi Gi," the defendant, from cocaine into "crack" cocaine, to a cooperating witness ("CW-1") working at the direction of the New York City Police Department (the "NYPD") and the Drug Enforcement Administration (the "DEA"), in exchange for approximately $1,620, in the vicinity of Jerome Avenue, in the Bronx, New York.

b.     On or about October 3, 2013, RIVERA participated in a telephone conversation with CW-1 during which RIVERA discussed arranging a purchase of "crack" cocaine and cocaine by CW-1.

c.     On or about October 4, 2013, HOBAN and RIVERA participated in a telephone conversation during which HOBAN and RIVERA discussed HOBAN's drug trafficking operations and HOBAN gave instructions to RIVERA to deliver cocaine to RAMOS so that RAMOS would be able to process the cocaine into "crack" cocaine.

d.     On or about October 4, 2013, RIVERA sold approximately 50 grams of "crack" cocaine to CW-1, who was working

at the direction of the NYPD and DEA, in exchange for approximately $2,025, in the vicinity of Jerome Avenue, in the Bronx, New York.

       e.   On or about November 21, 2013, RIVERA and a co-conspirator not named herein ("CC-1"), sold approximately 60 grams of "crack" cocaine and 40 grams of cocaine to CW-1, who was working at the direction of the NYPD and DEA, in exchange for approximately $3,950, in the vicinity of Jerome Avenue, in the Bronx, New York.

       f.   On or about March 19, 2014, HOBAN and a co-conspirator not named herein ("CC-2"), sold approximately 20 grams of cocaine and 40 grams of "crack" cocaine to CW-1, who was working at the direction of the NYPD and DEA, in exchange for approximately $2,440, in the vicinity of East 207th Street, in the Bronx, New York.

       g.   On or about April 25, 2014, HOBAN and LOPEZ participated in a telephone conversation during which HOBAN and LOPEZ discussed the delivery of "crack" cocaine and cocaine by HOBAN to LOPEZ.

       h.   On or about May 1, 2014 and May 2, 2014, MATTHEW GOMEZ, the defendant, and HOBAN exchanged several text messages in which GOMEZ and HOBAN discussed prices per gram of cocaine HOBAN was charging GOMEZ.

       i.   On or about May 1, 2014, CARLOS MODESTO, a/k/a "Carlito," the defendant, and HOBAN participated in a telephone conversation during which HOBAN arranged to have RIVERA obtain cocaine

4

from MODESTO, which would then be brought to RAMOS to be processed into "crack" cocaine.  Later that same day, HOBAN and RAMOS participated in a telephone conversation during which HOBAN informed RAMOS that RIVERA was coming to RAMOS's residence.

j.   On or about May 1, 2014, HOBAN and CRUZ participated in a telephone conversation during which HOBAN and CRUZ discussed HOBAN's arrangement, on behalf of CRUZ, of a purchase of cocaine from MODESTO.

k.   On or about May 2, 2014, MODESTO and HOBAN participated in several telephone conversations in which HOBAN arranged the purchase of approximately 210 grams of cocaine from MODESTO.

l.   On or about May 6, 2014, JESUS CRUZ, a/k/a "Flaco," a/k/a "Chi Chi," the defendant, and HOBAN participated in a telephone conversation during which HOBAN and CRUZ discussed complaints that their retail "crack" cocaine customers had regarding a particular batch of "crack" cocaine that HOBAN and CRUZ were selling.

m.    On or about May 13, 2014, HOBAN and GOMEZ participated in a telephone conversation during which GOMEZ relayed that he was almost arrested with cocaine that he was transporting in a taxi cab.  During this telephone conversation, HOBAN and GOMEZ discussed the amounts of "crack" cocaine that each of them had remaining for sale.

(Title 21, United States Code, Section 846.)

## FORFEITURE ALLEGATION

5.    As a result of committing the controlled substance offense alleged in Count One of this Indictment, MIGUEL HOBAN, a/k/a "Mike," MATTHEW GOMEZ, PAUL LOPEZ, a/k/a "Paulie," CARLOS MODESTO, a/k/a "Carlito," JESUS CRUZ, a/k/a "Flaco," a/k/a "Chi Chi," JENNIFER RIVERA, a/k/a "Jennifer Lall," and GLADYS RAMOS, a/k/a "Gi Gi," the defendants, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting or derived from any proceeds the defendants obtained directly or indirectly as a result of the offense, and any and all property used or intended to be used in any manner or part to commit or to facilitate the commission of the offense.

## Substitute Assets Provision

7.   If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

      a.   cannot be located upon the exercise of due diligence;

      b.   has been transferred or sold to, or deposited with, a third person;

      c.   has been placed beyond the jurisdiction of the Court;

      d.   has been substantially diminished in value; or

      e.   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853 (p) to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

(Title 21, United States Code, Section 853.)

_____    _____
FOREPERSON                           PREET BHARARA
                                          United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

MIGUEL HOBAN
a/k/a "Mike," et al.,

Defendants.

## INDICTMENT

14 Cr. ___

(Title 21, United States Code, Section 846.)

PREET BHARARA
United States Attorney.

**A TRUE BILL**

Foreperson.

- TRUE BILL, (7) ARREST WARRANTS,
  SCALED INDICTMENT.
- USMJ  RONALD L. ELLIS
  - 6-19-14